UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHANE C. ARAUJO, *Personal Representative* *estate of* **Ricardo B. Araujo, deceased,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) CAUSE NO. 1:22-cv-00468-DRL-SLC |
| **JADE SHANK TRUCKING,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Before the Court is Defendants' motion to compel filed on October 24, 2023, seeking to compel Plaintiff to respond to Defendants' outstanding First Set of Interrogatories and Request for Production served on March 16, 2023. (ECF 32). Plaintiff has not filed a response to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). On November 15, 2023, the Court afforded Defendants to and including November 22, 2023, to file the discovery requests that are the subject of the motion, and Defendants did so on November 17, 2023, in the form of an amended motion to compel. (ECF 35, 36, 36-1). For the following reasons, Defendants' motion to compel, as supplemented by the amended motion, will be GRANTED.

*A. Procedural Background*

Plaintiff, who currently has three attorneys of record, filed this wrongful death suit against Defendants in this Court on December 20, 2022, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF 1). On February 13, 2023, this Court conducted a scheduling conference, setting a discovery deadline of January 31, 2024, and a dispositive motions deadline of February 29, 2024. (ECF 18, 19).

On March 16, 2023, Defendants served Plaintiff with their First Set of Interrogatories and

Request for Production. (ECF 32 ¶ 1; *see* ECF 36-1). Plaintiff subsequently asked Defendants for two 30-day extensions of time to respond to the discovery requests, which Defendants agreed to. (ECF 32 ¶¶ 2, 3).

On July 12, 2023, Defendants' counsel emailed Plaintiff's counsel inquiring about Plaintiff's overdue discovery responses. (*Id.* ¶ 4). On August 4, 2023, counsel for the parties had a conference call in which Plaintiff's counsel stated the discovery responses would be produced by September 3, 2023. (*Id.* ¶ 5). When that did not occur, Defendants' counsel emailed Plaintiff's counsel on September 12, 2023, inquiring about the overdue discovery responses and requesting a response by September 15, 2023. (*Id.* ¶ 6). Failing to receive a response by that date, Defendants' counsel emailed Plaintiff's counsel again on September 19, 2023, about the overdue discovery responses. (*Id.* ¶ 8). Plaintiff's counsel, who stated he had been preparing for a trial in another matter, asked for an additional one-week extension; Defendants' counsel then afforded Plaintiff to and including September 29, 2023, to produce the discovery responses. (*Id.* ¶ 8).

Plaintiff, however, still did not produce the discovery responses by September 29, 2023. (*Id.* ¶ 9). On October 4, 2023, Defendants' counsel emailed Plaintiff's counsel, informing that Defendants' counsel would be out of the office until October 16, 2023, and that Defendants would filed a motion to compel if they did not receive Plaintiff's discovery responses by that date. (*Id.*).

On October 14, 2023, one of Plaintiff's three attorneys emailed Defendants' counsel, stating that he had been out of the office with COVID for two weeks. (*Id.* ¶ 10). Two days later, on October 16, 2023, Defendants' counsel emailed Plaintiff's counsel, conveying that he would not file a motion to compel until October 23, 2023, due to Plaintiff's counsel's illness. (*Id.* ¶ 11).

On October 24, 2023, when the discovery still remained unanswered, Defendants filed the

instant motion to compel, together with a Local Rule 37-1 certification. (ECF 32, 33). As stated above, Plaintiff has not responded to the motion to compel, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). On November 17, 2023, at the Court's direction, Plaintiff filed the discovery requests that are the subject of the motion to compel, doing so in the form of an amended motion. (ECF 35, 36, 36-1).

### B. Applicable Law

"Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents." *See Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

### C. Discussion

Defendants' counsel have adequately attempted to confer in good faith with Plaintiff's counsel in an effort to resolve this discovery matter without Court action. (*See* ECF 33); Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). Plaintiff, however, appears to have simply ignored Defendants' outstanding discovery requests and this motion to compel, and for the most part, Defendants' counsel's repeated attempts at consultation. Consequently, the Court will GRANT the motion to compel (ECF 32), as amended (ECF 37). *See, e.g.*, *Redmond*, 2009 WL 212974, at *1 (granting plaintiff's motion to compel where defendants appeared to have "entirely ignored the plaintiff's

3

discovery requests"). Plaintiff will be ORDERED to answer Defendants' First Set of Interrogatories and to produce all responsive documents to Defendants' Request for Production on or before December 11, 2023, or risk the imposition of sanctions against him, up to and including dismissal of his lawsuit. Fed. R. Civ. P. 37(b)(2).

### D. Conclusion

For the foregoing reasons, Defendants' motion to compel (ECF 32), as supplemented by the amended motion to compel (ECF 36), is GRANTED. Plaintiff is ORDERED to answer Defendants' First Set of Interrogatories and produce all responsive documents to Defendants' Request for Production on or before December 11, 2023. (ECF 36-1). Plaintiff is CAUTIONED that his failure to timely do so may result in sanctions under Federal Rule of Civil Procedure 37(b)(2), up to and including and dismissal of his lawsuit.

SO ORDERED.

Entered this 27th day of November 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge